Gregory **METOYER**, Appellant,

v.

William C. **HOLMAN** et al., Appellees.

No. 22973.

United States Court of Appeals
Fifth Circuit.

April 5, 1966.

Gregory Metoyer, Montgomery, Ala., for appellant.

W. Mark Anderson, III, Asst. Atty. Gen., Montgomery, Ala., for appellees.

Before RIVES and THORNBERRY, Circuit Judges, and GARZA, District Judge.

GARZA, District Judge.

This was a diversity action for damages resulting from personal injuries sustained by an Alabama State convict alleged to be a citizen of California, who was shot by a prison guard while attempting to escape.

Appellant was a member of a squad of twenty prisoners who were picking butterbeans in a field near Kilby Prison on the afternoon of September 18, 1963. This squad was being guarded by Appellee I. B. Heath, a custodial officer at Kilby, and another squad with one guard was picking beans nearby. Appellant began crawling away from the other men in an admitted attempt to escape, but was still partially visible among the rows of beans and weeds when Heath discovered that a man was missing and spotted Appellant. Heath fired one shot from his shotgun, and after falling down and running some distance fired another shot which wounded Appellant in the arm and shoulder. Appellant was taken to the prison hospital where he was treated by attendants and seen by the prison doctor the next morning, September 19, 1963. On the same day he was transferred to St. Margaret's Hospital and underwent surgery on his arm on the morning of September 20th for damage to an artery and vein inflicted by a shotgun pellet which passed between them, resulting in permanent disability of the left arm.

Appellant sought leave in the court below to bring a damage suit in forma pauperis for the total amount of $100,000, alleging damages of $25,000 each against

Governor George C. Wallace, Commissioner A. Frank Lee of the Board of Corrections, Kilby Warden William C. Holman and Officer I. B. Heath. The district judge denied leave to file the complaint against the Governor and the Commissioner, but ordered it filed against the warden and Officer Heath, and appointed counsel who represented Appellant throughout the trial.

After discovery and pretrial proceedings, the case went to trial before a jury on April 21, 1965. At the close of Appellant's evidence, the court granted Warden Holman's motion for directed verdict and denied that of Officer Heath, who proceeded to put on his defense. At the close of all the evidence motions for directed verdict by Appellant and Appellee Heath were denied, and the case was submitted to the jury on a general charge by the court. On April 22nd the jury returned a verdict in favor of Heath, and the court entered judgments in favor of Appellees. Appellant's motion for new trial was denied on April 29, 1965.

We granted leave to appeal in forma pauperis, with the transcript of the testimony to be transcribed at Government expense, and Appellant pro se assigns as error the directed verdict for Warden Holman, the verdict for Officer Heath contrary to the law and the evidence, various rulings on evidence during the course of the trial, prejudice by the court in its charge to the jury, and the ineffectiveness of Appellant's court-appointed attorney, alleged by Appellant to be a personal friend of the warden.

The testimony of Appellant's fellow convicts as to the circumstances of the attempted escape and subsequent shooting was to the effect that when Officer Heath discovered Appellant's absence and saw him crawling away, he became very excited, used abusive language, fired one shot at Appellant, fell down and then advanced to within about thirty-five yards of Appellant and fired a second shot, threatening all the while that he was going to kill Appellant, and being thwarted from this purpose only by the dis-

traction of the men in the squad yelling at him. They stated that after the first shot Appellant stopped and was not moving when the second shot was fired, and that he called to Heath that he was hit and asked him not to shoot again.

In support of his allegations of negligent medical treatment against Appellees, Appellant attempted to prove by the doctor who performed the surgery, by the prison hospital orderly and by the medical records that his treatment was inadequate, primarily because of the length of time between the injury and the operation. The doctor testified, however, that there was no reason for immediate surgery and that some doctors would have delayed operating for a longer period than that present here, which was less than forty-eight hours.

There was some testimony by the convicts that Heath was abusive to prisoners, although his personnel file, subpoenaed by Appellant's attorney, showed a good record with no disciplinary action.

■ The district court granted Warden Holman's motion for directed verdict because of Appellant's failure to prove any negligence by the warden in allowing Heath to act as a custodial officer or in failing to provide Appellant with adequate and suitable medical attention. This ruling was correct. Although one incident between Heath and another prisoner was shown to have occurred prior to the events involved in this case, the evidence fell short of making a jury issue regarding Heath's competency or mental capacity to act as a custodial officer, and there was thus no proof that the warden either knew or should have known that Heath was incompetent. There was a complete absence of evidence, nor could any reasonable inference be drawn, that Appellant received inadequate medical attention. Therefore, Warden Holman was not shown to have been negligent in either of the respects alleged by Appellant.

The court refused to grant Officer Heath's motion for directed verdict and he proceeded to adduce evidence in his defense. He testified and called as wit-

**112**

nesses the guard of the other squad present in the field on the day in question, one of the convicts in Appellant's squad, and a prison official who arrived at the scene immediately after the shooting. The testimony conflicted with that of Appellant and his witnesses, and was to the effect that after Heath called to Appellant to stop and fired a warning shot, Appellant turned and continued crawling across the rows of beans toward a field of high cotton; that Heath called to the other guard to watch both squads and began to run parallel to Appellant's path when he tripped and fell; that he got up and continued to run until he was even with Appellant; that when Appellant was visible crossing the opening between two rows of beans, Heath fired from a distance of some seventy-five to one hundred yards and wounded Appellant, who then stopped for the first time. The other guard testified that Heath's actions appeared reasonable and necessary under the circumstances at the time to prevent Appellant's escape.

■ The evidence here would have supported a jury verdict in favor of either party, and the issue of whether Heath used more force than was reasonably necessary, which depended primarily on credibility determinations exclusively within the province of the jury, was resolved against Appellant. The verdict is supported by the evidence and we cannot disturb it.

■ The district judge instructed the jury fully and fairly upon the issues, charging that the case rested on Appellant's showing by a preponderance of the evidence that he was willfully, maliciously and without justification shot by Heath, whose defense was that pursuant to Alabama law he used only the amount of force that was reasonably necessary to prevent Appellant from escaping, and, further, that any damages Appellant may have suffered from inadequate medical attention, if any, did not proximately flow from any injury inflicted by Heath. Nowhere in this record does there appear any prejudice by the court. None of the rulings complained of during the course of the trial constitutes error prejudicial to Appellant, and the court's charge was complete, fair and free of bias or prejudicial error.

■ Appellant's attack upon the effectiveness of his court-appointed attorney is without substance. On the contrary, the record shows zeal and dedication by counsel in the highest tradition of the profession.

This case is a remarkable example of our system of jurisprudence in which a convict in a state prison has been accorded a full trial on his claim for damages in a federal court with representation by competent counsel, all at no expense to himself. He received a fair trial and we find no reversible error.

The judgment, therefore, is affirmed.